```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                   :
SANDRA JOHNSON CARTER, Personal
Representative of the Estate of    :
Michael Anthony Carter, Jr.
                                   :

     v.                            :   Civil Action No. DKC 21-0311

                                   :
LINDSAY CORPORATION, et al.
                                   :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this wrongful death case are a motion for judgment on the pleadings filed by Defendant L.S. Lee Inc. ("L.S. Lee"), (ECF No. 66), and a motion to amend an answer filed by Defendants Lindsay Corporation, Lindsay Transportation, Inc., and Safe Technologies, Inc. (collectively "Lindsay Defendants"), (ECF No. 72).[1]  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for judgment on the pleadings will be denied, and the motion to amend will be granted.

---

[1] Lindsay Transportation, Inc. and Safe Technologies, Inc. contend they were improperly named in the Complaint and should be named Lindsay Transportation Solutions, LLC, and Safe Technologies, LLC.  (ECF No. 72 at 1).  They also contend that Lindsay Transportation Solutions, LLC is the same entity as Barrier Systems, Inc.

**I.   Background**

According to the Complaint, Plaintiff Sandra Johnson Carter's son, Michael Carter, Jr., was driving on U.S. Route 13 on the morning of February 7, 2018, at approximately 42 miles per hour "when his car left the road and hit an X-Lite end terminal manufactured and sold by Defendants." (ECF No. 1 at 10). The driver's side door hit the end terminal, and the end terminal pierced through the door, resulting in Mr. Carter's death.

Plaintiff filed this lawsuit, which includes claims of negligence, strict liability/design defect/failure to warn, and breach of implied warranty against the Lindsay Defendants as well as separate claims of negligence against the installer of the X-Lite end terminal, which has since been determined to be Defendant L.S. Lee. (ECF No. 66-3 at 2).

Defendant L.S. Lee moves for judgment on the pleadings as to the claims against it in the Complaint: Counts VI (Negligence-Survival Action) and VII (Negligence- Wrongful Death Action). The Lindsay Defendants separately move to amend their answer to add a cross-claim against Defendant L.S. Lee.

**II.  Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Motions pursuant to Rule 12(c) are analyzed under the same standard as those under

2

Rule 12(b)(6), except that courts may consider the answer as well as the complaint. *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Mendenhall v. Hanesbrands, Inc.*, 856 F.Supp.2d 717, 724 (M.D.N.C. 2012). Thus, the court assumes all facts alleged in the complaint are true and draws all reasonable factual inferences in the plaintiff's favor. *Burbach Broad Co. of Del.*, 278 F.3d at 406. A motion for judgment on the pleadings should be granted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014) (internal quotation marks omitted).

The sole basis for Defendant L.S. Lee's motion is that Plaintiff's negligence claims against it are barred by Mr. Carter's contributory negligence. (ECF No. 66-3 at 3). Under Maryland law, "a plaintiff who fails to observe ordinary care for his own safety is contributorily negligent and is barred from all recovery, regardless of the quantum of a defendant's primary negligence." *Harrison v. Montgomery Cnty. Bd. of Educ.*, 295 Md. 442, 451 (1983). The burden of proving contributory negligence is on the defendant. *Myers v. Bright*, 327 Md. 395, 403 (1992).

Defendant L.S. Lee argues that the "admissions contained in the Complaint that the decedent drove off the road without any explanation is enough to establish the negligence of the decedent."

3

(ECF No. 66-3 at 3).  It adds that the "fact that [driving off the road] is a violation of MD Transportation Code § 21-309 is further evidence of decedent's negligence."  As relevant here, Maryland Code provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and may not be moved from that lane or moved from a shoulder or bikeway into a lane until the driver has determined that it is safe to do so."  Md. Code, Transportation, § 21-309(b).

The Complaint provides no explanation for why Mr. Carter drove off the road.  Drawing all reasonable factual inferences in Plaintiff's favor, it cannot be said that Mr. Carter was contributorily negligent as a matter of law.  It could be true that Mr. Carter's negligence was responsible for his driving off the road, but there are also other possible explanations, such as a medical emergency or a car malfunction.  *See Moore v. Presnell*, 38 Md.App. 243, 246 (1977); *see also* 8 Am. Jur. 2d *Automobiles* §§ 727, 733 (Feb. 2023 Update) (explaining that a driver is not negligent if he loses control of the vehicle because he has suffered an unforeseeable illness or because an unforeseeable failure of his vehicle has occurred).  And while Mr. Carter may have violated Maryland transportation code by driving outside of the lanes, violations of a statute are only *evidence* of negligence in Maryland—they "do not constitute negligence *per se*."  *See Aravanis v. Eisenberg*, 237 Md. 242, 259-60 (1965).  Thus, the

4

question of Mr. Carter's negligence is not fully resolvable based on the facts provided in the pleadings. In other words, it is possible that Plaintiff could prove a set of facts that would entitle her to relief.

Defendant L.S. Lee attached to its motion a copy of the police report from the incident, and it urges the court to consider it either in evaluating the motion for judgment on the pleadings or, if necessary, after converting the motion to one for summary judgment.[2] Regardless of whether or how the police report may properly be considered here, it would not change the result of this analysis. Setting aside all hearsay statements contained in the report, all that remains are statements by the police officers, who did not witness the events leading up to the accident.

Because Mr. Carter's contributory negligence cannot be determined at this posture from the facts contained in the pleadings, Defendant L.S. Lee's motion will be denied.

### III. Motion to Amend

The Lindsay Defendants seek to amend their answer to Plaintiff's Complaint to add a cross-claim against Defendant L.S. Lee for contribution and indemnification. (ECF No. 72).[3] They

---

[2] Defendant L.S. Lee contends that, as a public record, the police report is admissible in a motion for judgment on the pleadings. (ECF No. 66-3 at 4, citing *Alvarez v. Amcor Rigid Plastics USA, LLC*, 2021 WL 3929045, at *2 (E.D.Pa. 2021)).

explain that they previously asserted a similar cross-claim against Defendant L.S. Lee and now-dismissed Defendant Collinson, Inc. in their answer to Collinson, Inc.'s cross-claim, but they want to amend their answer to Plaintiff's Complaint to add the cross-claim against Defendant L.S. Lee "to ensure all claims are now located in one pleading and to plead further factual support for their cross[-]claim—in essence, to 'clean up' the pleadings." (ECF No. 72 at 2).

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave" to a party seeking to amend its pleadings "when justice so requires." The Supreme Court of the Untied States has clarified that leave should be "freely given" "[i]n the absence of any apparent or declared reason" not to do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant L.S. Lee provides two reasons that it believes the Lindsay Defendants' motion should be denied: futility and prejudice. (ECF No. 74). Defendant L.S. Lee argues that the amendment would be futile "because there is a pending Motion for Judgment on the Pleadings that should be granted that Plaintiff was negligent for this accident," and it reasons that if "Plaintiff does not have a negligence cause of action, Lindsay does not have

---

[3] The scheduling order was extended on August 2, 2022, to permit motions for the addition of parties (and amendment of pleadings) until March 2, 2023. (ECF Nos 59, 60). Thus, the motion, filed on February 28, 2023, is timely.

a negligence cause of action against L.S. Lee[.]" Regardless of whether this argument has merit, because the motion for judgment on the pleadings will be denied, the basis for the argument no longer stands.

Next, Defendant L.S. Lee argues that because "the only allegation against L.S. Lee is negligence[,] forcing L.S. Lee to participate in what is expected to be extensive discovery on the products liability claim is prejudicial to L.S. Lee[.]" Generally, whether an amendment is prejudicial is "determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). For example, amendments that significantly change the nature of the case shortly before trial are often considered prejudicial, while amendments before discovery that merely add additional theories of recovery to facts already pled are not. *See id.*

Here, while the addition of the cross-claim will likely change the nature of Defendant L.S. Lee's role and involvement in the case, discovery is still ongoing and will not conclude for at least several more months. (ECF No. 59 at 2). Defendant L.S. Lee will have ample time before trial to conduct any additional discovery that defending against this cross-claim may require. While this endeavor may be more difficult for Defendant L.S. Lee than simply defending against Plaintiff's claims against it, that is an unpersuasive reason to deny the Lindsay Defendants the opportunity

7

to pursue this amendment at this relatively early stage. Additionally, as the Lindsay Defendants note, they have already asserted a similar cross-claim against L.S. Lee and are simply seeking now to supplement it and ensure all claims are in one place, so the prejudicial effect of this amendment is minimal. Seeing no other reason to deny the amendment request, the Lindsay Defendants' motion will be granted.

## IV.  Conclusion

For the foregoing reasons, Defendant L.S. Lee's motion for judgment on the pleadings will be denied, and the Lindsay Defendants' motion to amend will be granted.  A separate order will follow.

                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge