```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

SANDRA JOHNSON CARTER, Personal :
Representative of the Estate of
Michael Anthony Carter, Jr.     :

     v.                         :   Civil Action No. DKC 21-0311

                                :
LINDSAY CORPORATION, et al.
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this survival action and wrongful death case is the motion for leave to amend the Complaint filed by Plaintiff Sandra Johnson Carter ("Ms. Carter"). (ECF No. 100). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be granted in part and denied in part.

**I.   Background**

According to the Complaint, Ms. Carter's son, Michael Carter, Jr., ("Mr. Carter") was driving on U.S. Route 13 on the morning of February 7, 2018, at approximately 42 miles per hour "when his car left the road and hit an X-Lite end terminal manufactured and sold by Defendants." (ECF No. 1, at 10). The driver's side door hit the end terminal, and the end terminal pierced through the door, resulting in Mr. Carter's death. Ms. Carter filed this lawsuit, which includes claims of negligence, strict liability/design

defect/failure to warn, and breach of implied warranty against the manufacturers, inventor, and crash tester of the X-Lite end terminal (collectively, "Lindsay Defendants") as well as separate claims of negligence against the installer of the X-Lite end terminal, which has since been determined to be Defendant L.S. Lee.  (ECF No. 66-3, at 2).

Ms. Carter moves for leave to amend the Complaint.  (ECF No. 100).  She proposes to "amend the Complaint to both clarify that L.S. Lee is the sole installer of the subject guardrail system and to add strict liability claims against L.S. Lee as the seller of the X-Lite Terminal System."  (*Id.* at 3).  L.S. Lee consents to the first amendment but opposes the second.  (ECF No. 103-1, at 1).

**II.  Standard of Review**

When, as here, the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed.R.Civ.P. 15(a)(2).  Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires[,]" and commits the matter to the discretion of the district court.  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).  "A district court may deny a motion to amend when . . . the amendment would be futile."  *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).  "A proposed amendment

2

is [ ] futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

### III. Analysis

When a party seeks leave to amend to bring a claim after the statute of limitations has elapsed, the court considers whether the claim is "saved by the relation-back authorized by Rule 15(c)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007). Under Rule 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed.R.Civ.P. 15(c)(1)(B). There must be (1) "a 'factual nexus' with the claims in the original complaint, and [(2)] the original complaint must have put the defendants on notice of the claim." *Brightwell v. Hershberger*, No. 11-cv-3278-DKC, 2016 WL 4537766, at *5 (D.Md. Aug. 31, 2016) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984)). In other words, "the amended claims and the original claims [must] share a core of operative facts." Steven S. Gensler & Lumen N. Mulligan, *1 Federal Rules of Civil Procedure, Rules & Commentary* ("*Rules & Commentary*") Rule 15 (Feb. 2023). If "there is some factual nexus, an amended claim is liberally construed to relate back to the original complaint if the defendant had notice

3

of the claim and will not be prejudiced by the amendment." *Grattan*, 710 F.2d at 163; *see also Bradley v. Veterinary Orthopedic Sports Med. Grp.*, No. 19-cv-2662-DKC, 2022 WL 703916, at *8 (D.Md. Mar. 9, 2022). "[R]elation back is proper when the amended complaint amplifies the existing allegations or makes the existing allegations more definite and precise" by "present[ing] additional facts." *Robinson v. Pytlewski*, No. 19-cv-1025-DLB, 2022 WL 2359359, at *8 (D.Md. June 30, 2022) (quoting *Rules & Commentary* Rule 15). "Relation back also is proper even if the amendment presents a 'new claim [that] involve[s] different sources of proof' or 'new legal theories,' as long as 'the core facts are the same.'" *Id.* (quoting *Rules & Commentary* Rule 15). "On the other hand, relation back under Rule 15(c)(1)(B) is not authorized when the new claims arise from an entirely different event or set of facts." *Rules & Commentary* Rule 15. "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." *Goodman*, 494 F.3d at 468 (citing 3 James Wm. Moore, et al., *Moore's Federal Practice* § 15.19[3][a] (3[d] ed. 2023)).

### A. Statute of Limitations

As this court's jurisdiction is based on diversity, Maryland law applies to substantive issues such as the statute of limitations. *JTH Tax LLC v. Irving*, No. 21-cv-3000-RDB, 2023 WL

1472021, at *4 (D.Md. Feb. 1, 2023). Maryland law provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101. "Under the Maryland statutes, actions for . . . strict liability . . . are barred three years after the cause of action accrues." *In re Smith & Nephew Birmingham Hip Resurfacing Hip Implant Prod. Liab. Litig.*, No. 17-md-2775-CCB, 2020 WL 407136, at *8 (D.Md. Jan. 24, 2020) (quoting *Phillips v. G.D. Searle & Co.*, 884 F.2d 796, 797-98 (4th Cir. 1989)). Here, the cause of action accrued on February 7, 2018, the date of the accident that resulted in Mr. Carter's death. (ECF Nos. 1 ¶ 25; 104, at 7). Ms. Carter filed the Complaint on February 6, 2021, just within the three-year mark, which did not include a strict liability claim against L.S. Lee. (ECF No. 1). Thus, the statute of limitations will bar her strict liability claim unless she can show that the proposed amended claim relates back to the original Complaint.

   **B. Relation Back**

The United States Court of Appeals for the Fourth Circuit has held that an amended claim relates back to an earlier complaint if there is a "factual nexus between the amendment and the original complaint" and "the defendant had notice of the claim and will not be prejudiced by the amendment." *Grattan*, 710 F.2d at 163.

5

### 1. Factual Nexus

To relate back, the amendment must "assert[ ] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). Ms. Carter seeks to add a factual allegation—that L.S. Lee sold the Subject X-Lite in addition to installing it—and a related cause of action—a strict liability claim against L.S. Lee. Chief Judge Bredar has addressed circumstances under which new factual allegations and causes of action relate back to the original complaint:

> In terms of changing factual allegations, [a]n amended complaint will not relate back . . . if it states an entirely new cause of action based on facts different from the facts alleged in the original complaint. A plaintiff may revise its legal theory, change the statutory basis of its claim, or even add counts, but only if the factual situation upon which the action depends remains the same.

*AIG Prop. Cas. Co. v. Eaton Corp.*, No. 18-cv-1853-JKB, 2019 WL 1586253, at *5 (D.Md. Apr. 12, 2019) (quoting *Hooper v. Sachs,* 618 F.Supp. 963, 977 (D.Md. 1985); 6A Charles Alan Wright & Arthur R. Miller ("Wright & Miller"), *Federal Practice and Procedure* § 1497 n.30 (3d ed. 2018) (internal citations and quotation marks omitted)). Indeed, "a new cause of action may relate back if the defendant's conduct, relied on to support the original complaint, is factually similar to the defendant's conduct relied on to support the amended complaint." *Miller v. Fairchild Indus., Inc.*,

6

668 F.Supp. 461, 464 (D.Md. 1987) (quoting *Hooper*, 618 F.Supp. at 977). The United States Supreme Court has permitted relation back even when "the amended complaint invoked a legal theory not suggested in the original complaint and relied on facts not originally asserted" when "there was but one 'occurrence'" at issue. *Mayle v. Felix*, 545 U.S. 644, 646 (2005) (discussing and quoting *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 581 (1945)).

Courts in this district have declined to find a factual nexus when, for instance, the plaintiff sought to amend the product that caused a fire, *AIG*, 2019 WL 1586253, at *5, and when the plaintiff sought to add a conspiracy count, *Jeffers v. Harrison-Bailey*, No. 16-cv-03683-JFM, 2017 WL 1089186, at *6 (D.Md. Mar. 21, 2017). On the other hand, courts have found a factual nexus in other similar situations. *See, e.g.*, *Pytlewski*, 2022 WL 2359359, at *10 (finding factual nexus when "the allegations in the amended complaint concern the same core facts and ultimate wrong alleged in the original complaint: the systemic failures and insufficient policies of [defendants] that allegedly caused [plaintiff's] suffering and death); *Bradley*, 2022 WL 703916, at *8 (finding factual nexus because new and original claims "are grounded entirely in the same events—Defendants' treatment" of a dog plaintiff trained and "involve the same individuals and the same interactions"); *Gainsburg v. Steben & Co.*, 838 F.Supp.2d 339, 343

7

(D.Md. 2011), *aff'd*, 519 F.App'x 199 (4th Cir. 2013) (finding factual nexus when "both sets of pleadings stem from and rely on [plaintiff's] contentious employment relationship with [defendants] and contain overlapping factual allegations," even though "the material facts surrounding the extortionist statement itself do not appear in the Prior Complaints"); *Miller*, 668 F.Supp. at 464 (finding factual nexus when both complaints "are based on the decision to shut down [a] plant and the representations [defendants] are said to have made about job security," but the amended complaint seeks to add that "the plant closing was retaliatory").

Here, L.S. Lee argues that the "new strict liability claim and prior negligence claim do not have a common core of operative facts."  (ECF No. 104, at 16).  The proposed Amended Complaint's addition that "L.S. Lee was the 'seller' of the allegedly defective guardrail system," L.S. Lee contends, "permits an entirely new theory of liability not pleaded or alleged against L.S. Lee prior to the expiration of the applicable statute of limitations." (*Id.* at 16-17).  According to L.S. Lee, "[t]he factual averments pertaining to L.S. Lee's installation all focus on whether it complied with the standards and requirements for installing and constructing the guardrail system" while the "new averment that L.S. Lee also sold the guardrail system pertains to facts as to whether the system had any type of defect when manufactured or

8

provided to L.S. Lee." (*Id.* at 17). Consequently, L.S. Lee contends, the amendment does not "arise out of conduct set forth in the original complaint." (*Id.* at 18) (quoting *AIG*, 2019 WL 1586253, at *5).

Ms. Carter responds that Rule 15(c) and Fourth Circuit precedent do not bar "amendment to add a new cause of action." (ECF No. 107, at 5) (citing *Miller*, 668 F.Supp. at 464). She also asserts that the relevant inquiry focuses not on L.S. Lee's *conduct* as a seller, but rather on the *occurrence* of Mr. Carter's death, which gave rise to this action. (*Id.* at 7). There is a "substantial nexus" between the negligence and strict liability claims, Ms. Carter contends, because "both are based on the fact that Michael Carter was killed by the Subject X-Lite, a defectively designed and inherently dangerous terminal that L.S. Lee chose to install on the highway." (*Id.* at 6). Additionally, Ms. Carter argues that the strict liability claim shares a factual nexus with the original Complaint because the Complaint includes strict liability claims against Defendants collectively, "and the Defendants include L.S. Lee." (*Id.* at 5).

L.S. Lee is correct that the originally pled negligent installation claim and proposed new strict liability claim present different "factual situations." Wright & Miller, *supra*, § 1497 n.30. The negligence claim focuses on whether L.S. Lee breached its duty of care in installing Subject X-Lite, while the strict

provided to L.S. Lee." (*Id.* at 17). Consequently, L.S. Lee contends, the amendment does not "arise out of conduct set forth in the original complaint." (*Id.* at 18) (quoting *AIG*, 2019 WL 1586253, at *5).

Ms. Carter responds that Rule 15(c) and Fourth Circuit precedent do not bar "amendment to add a new cause of action." (ECF No. 107, at 5) (citing *Miller*, 668 F.Supp. at 464). She also asserts that the relevant inquiry focuses not on L.S. Lee's *conduct* as a seller, but rather on the *occurrence* of Mr. Carter's death, which gave rise to this action. (*Id.* at 7). There is a "substantial nexus" between the negligence and strict liability claims, Ms. Carter contends, because "both are based on the fact that Michael Carter was killed by the Subject X-Lite, a defectively designed and inherently dangerous terminal that L.S. Lee chose to install on the highway." (*Id.* at 6). Additionally, Ms. Carter argues that the strict liability claim shares a factual nexus with the original Complaint because the Complaint includes strict liability claims against Defendants collectively, "and the Defendants include L.S. Lee." (*Id.* at 5).

L.S. Lee is correct that the originally pled negligent installation claim and proposed new strict liability claim present different "factual situations." Wright & Miller, *supra*, § 1497 n.30. The negligence claim focuses on whether L.S. Lee breached its duty of care in installing Subject X-Lite, while the strict

liability claim focuses on whether L.S. Lee sold a defective product. Ms. Carter did include strict liability claims specifically referring to the "sale of X-LITE guardrail system" in the original Complaint, but only against the Lindsay Defendants. (ECF No. 1, at 19). The original Complaint expressly excluded potential sellers from the Lindsay Defendants. (ECF No. 1, at 8-9). Ms. Carter's proposed addition of a strict liability claim against L.S. Lee as a seller does not "ar[i]se out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). Thus, the proposed amendment lacks a factual nexus with her original Complaint.

2. **Notice**

Even if a factual nexus were present, the original Complaint did not put L.S. Lee on notice that Ms. Carter was alleging a strict liability claim against it as a seller. Rule 15(c)(1)(C) requires the plaintiff to afford to the defendant "within the period provided by Rule 4(m) for serving the summons and complaint the defendant . . . notice of the action." Fed.R.Civ.P. 15(c)(1)(C). "[T]he fundamental question to be decided is whether the earlier complaint served the notice-giving purpose of the limitations period by providing fair notice—within the applicable limitations period—of the basis for liability that was added in the amended complaint." *Rules & Commentary* Rule 15. "The rationale is that a party who has been notified of litigation

10

concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984); *see also Schiavone v. Fortune,* 477 U.S. 21, 31 (1986) ("The linchpin is notice, and notice within the limitations period."). Courts in this district have made clear that clues the plaintiff might bring another claim do not constitute notice. *See, e.g.*, *Gainsburg*, 838 F.Supp. at 344-45 (finding that defendant's lack of surprise at proposed new claim does not establish notice); *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 302 (D.Md. 2009) ("The mere fact that FT Defendants' witnesses were questioned about FT Defendants' inability to control market time does not by itself mean that FT Defendants should have known that Plaintiff was planning to use that alleged inability, and FT Defendants['] awareness of it, as a basis for a claim.").

Here, L.S. Lee argues that "notice is *not* based on Defendant L.S. Lee's alleged knowledge of what claims or theories of liability it may be sued on because of the work it performs as a company and/or as a result of an accident." (ECF No. 104, at 20). It adds:

> [S]ince the applicable three-year statute of limitations expired on February 6, 2021, the same date that Plaintiffs filed their Complaint, in order for Defendant L.S. Lee to be deemed to have notice of Plaintiffs' strict liability claim, based on it being the seller,

11

>> this averment needed to be included in the
>> original Complaint. It was not.

(*Id.* at 20-21). Ms. Carter responds that L.S. Lee was "put on notice of the potential claims that [she] could raise" because (1) "the Complaint identif[ied] the Defendants, collectively, thus including L.S. Lee, as sellers of the X-Lite end terminal;" (2) "L.S. Lee of course knew (and has now admitted) that it actually sold the Subject X-Lite to the State of Maryland;" (3) "the Complaint outlined that sellers can be held strictly liable;" and (4) "it is clear from the Complaint that [Ms. Carter] sought to assert claims of liability against sellers of the X-Lite end terminal, thus putting L.S. Lee on notice of the potential for further strict liability claims because L.S. Lee knew it was a seller of the end terminal." (ECF No. 107, at 8).

Ms. Carter mischaracterizes the Complaint. In it, she did not identify all defendants collectively as sellers of the X-Lite end terminal. Rather, she included two groups of defendants. The first, entitled Lindsay Defendants, consists of Valmont Industries, Valmont Highway, Armorflex International Limited, Lindsay Corporation, Safe Technologies, Lindsay Transportation Solutions, Dallas James, and Barrier Systems. (ECF No. 1, at 8). She describes the roles of the Lindsay Defendants as follows: Dallas James designed and invented X-Lite, Safe Technologies Inc. crash tested X-Lite, and the remaining Lindsay Defendants

12

"design[ed], develop[ed], manufacture[d], test[ed], market[ed], promote[d], advertise[d], distribute[d], [sold], and/or participate[d] in governmental approval processes of guardrail systems." (ECF No. 1, at 3-8). The second group of defendants, identified in the caption as "the installer of the X-Lite," consists of Green Acres Contracting, Collinson, L.S. Lee, and Penn Line Services. (ECF No. 1, at 1). Ms. Carter named each of these companies "in the alternative until it can be determined which company installed the X-Lite end terminal that killed Michael Anthony Carter Jr." (ECF No. 1, at 8-9). Ms. Carter only alleged strict liability claims against the Lindsay Defendants in the original Complaint, not the installers. (ECF No. 1, at 19, 22). Thus, the original Complaint did not provide notice to L.S. Lee that Ms. Carter could add a strict liability claim against it.

Ms. Carter's argument that once L.S. Lee discovered it sold the Subject X-Lite, it had constructive notice that Ms. Carter could assert a strict liability claim against it after the statute of limitations expired is of no avail. As in *Gainsburg* and *Sharkey*, whether L.S. Lee knew Ms. Carter *could* bring a strict liability claim against it is irrelevant in establishing notice. The fact is that Ms. Carter did not provide L.S. Lee notice within the statute of limitations that it sought to bring a strict liability claim against anyone other than the Lindsay Defendants. In addition, the purpose of statutes of limitations militates

13

against allowing constructive notice to suffice.  The Supreme Court has held that

> [s]tatutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them. Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

*Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 428 (1965) (quoting *Ord. of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348—349 (1944)).  At some point, defendants must be allowed to rest easy knowing they can no longer be hauled into court to defend a claim that plaintiffs failed to prosecute.  In light of the fact that "[t]he burden rests primarily upon the plaintiff to amend his complaint, not upon the defendant to anticipate a new claim[,]" the strict liability claims asserted against the Lindsay Defendants did not put L.S. Lee on notice within the limitations period that Ms. Carter intended to pursue a strict liability claim against it specifically.  *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987).  Consequently, the claim does not relate back to her Complaint under Rule 15(c) and is thus barred.

### 3. Prejudice

For an amendment to relate back, the plaintiff must satisfy all three 15(c) requirements.  Even if Ms. Carter has satisfied the lack of prejudice requirement, she failed to establish a factual nexus and to provide L.S. Lee with notice within the limitations period.  As a result, her second proposed amendment does not relate back and is barred.

## IV. Conclusion

For the foregoing reasons, Ms. Carter's motion for leave to amend will be granted in part and denied in part.  A separate order will follow.

                                               /s/
DEBORAH K. CHASANOW
United States District Judge